## THE WALLIS IRON WORKS v. CHARLES H. COSTER ET AL.

A contract between two corporations for building a portion of an elevated
railway provided that the work should be completed by a specified
time; that final payment was to be made only on the certificate of the
chief engineer of another corporation, and that if the work was not
completed at the time fixed $100 per day might be retained as damages,
unless the delay resulted from causes not within the control of the con-
tractor, of which the engineer was to be the judge. In an action on
the contract one count in the declaration admitted the non-completion
of the work at the time specified, but excused the delay by averring
that it resulted from causes beyond plaintiff's control. It also admit-
ted that plaintiff had not procured the required certificate of the chief
·engineer, but excused the failure by averring that before the comple-
tion of the work the chief engineer had resigned his office and no
successor was thereafter appointed. *Held,* that an allegation in a plea
that upon the resignation of said chief engineer, the chief engineer of
still another corporation became and continued to be the chief engineer
of the corporation named in the contract, is a substantial, though
argumentative, denial of the allegations of the count on which plaint-
iff's excuses for non-performance depend, and that the plea, though
irregular, is good on general demurrer.

On demurrer to plea.

Argued at November Term, 1893, before BEASLEY, CHIEF JUSTICE, and Justices MAGIE, GARRISON and LIPPINCOTT.

For the plaintiff, *Gilbert Collins.*

For the defendants, *Carl Meyer.*

The opinion of the court was delivered by

MAGIE, J.   The plaintiff is the Wallis Iron Works, a corporation of this state, and the defendants are former directors of the New Jersey Railway Construction Company, who are sued as trustees thereof, that company having been a corporation of this state and having been dissolved.

The first count of the declaration is based upon a contract, made August 15th, 1890, between the two corporations above named, which contract is annexed to and made part of the declaration.

By that contract plaintiff agreed to do certain work in the erection of a portion of an elevated railway in New York city.

The contract contained the following provisions :

" The parties hereto agree that the chief engineer of the Suburban Rapid Transit Company shall decide as to the quality and quantity of the work to be done under this agreement, and that payment for the same shall be made only on the written certificate of the engineer that the terms of this agreement and specifications have been fully complied with.

" The party of the second part [the Wallis Iron Works] agrees that he will begin work immediately ;   *   *   *   will begin the delivery of materials   *   *   *   by Nov. 15, 1890, and the erection of the structure by December 1, 1890, and will prosecute such delivery and erection continuously so as to complete the construction   *   *   *   by February 15, 1891.

" The party of the second part agrees that the party of the

first part shall be and hereby is authorized to deduct and retain out of any moneys that may be or become due to the party of the second part under this agreement, the sum of $100 per day as liquidated damages, for each and every day that the completion of the whole work or any portion thereof which is agreed to be completed by a specified day, shall be delayed beyond such specified day, provided that such delay shall not have resulted from causes beyond the control of the party of the second part, of which the engineer shall be the judge."

In the count it is averred that plaintiff completed the work contracted to be done by it, but it is also admitted that it was not completed until after the lapse of one hundred and sixty-four days beyond the time fixed by the contract. It is further admitted that the whole contract price has been paid, excepting $16,400, which the construction company claimed the right to retain as liquidated damages for the delay in completion.

To make out a cause of action the pleader has averred performance of all conditions precedent contained in the contract except two; as to them he admits that plaintiff did not procure or produce to the construction company any written certificate that the terms of the agreement and specifications had been fully complied with and that it did not complete the work at the time named.

The failure to procure the certificate is excused by the averment that the person who was chief engineer of the Suburban Rapid Transit Company when the contract was made resigned his office June 5th, 1891, and no successor was afterward appointed. The excuse therefore is that at the completion of the work there was no one capable of making the required certificate.

The delay in completion of the work is excused by the averment that it resulted from causes (which are set out) beyond plaintiff's control. But as the contract expressly stipulates that the engineer was to be the judge whether the delay resulted from such causes, it is obvious that this excuse is

only effective by its connection with the averment that before the completion of the work the office of engineer became vacant and there was then no one to make the required adjudication.

These are the only averments of the count which tend to exhibit plaintiff's right to recover on the contract. The assertion that the construction company was not building the railway for its own use, but under a contract with the Suburban Rapid Transit Company, which contract did not require the completion of the work at any specified time, is quite immaterial. For if it is to be thence inferred that the construction company was not liable to respond in damages to the Suburban company for the delay, it by no means follows that the delay would not cause damage to the construction company. The fact that the delay would subject the construction company to nominal or very small damage, may have an important bearing on the construction of the contract and the determination whether the sum to be daily retained was intended as a penalty or as liquidated damages. That question is not now presented.

Plaintiff's right to recover on the contract is therefore placed by the count upon the performance of some and upon excuses for the non-performance of others of its conditions precedent. The excuses depend upon the averment that at the completion of the work there was no engineer of the Suburban Rapid Transit Company.

The second plea interposed by defendants has been demurred to.

This plea is plainly irregular, for if sustainable it is only as containing a denial of a material allegation of that count, and it should conclude to the country and not with a verification. But this objection is not included in the specification of causes and is not ground for general demurrer. *Dime Savings Institution* v. *Hoboken*, 13 *Vroom* 283.

The plea can only be sustained as containing a substantial denial of the material allegation of the first count that, after June 5th, 1891, there was no chief engineer of the Suburban.

Rapid Transit Company. Reading the whole plea and rejecting its many superfluous and immaterial allegations, we find it asserting that, after the date last mentioned, " the chief engineer of the Manhattan Railway Company became and continued to be the chief engineer of the Suburban Rapid Transit Company." This we deem to be a substantial denial of the allegation of the count that the former chief engineer who resigned on that date had no successor in office at the time of the completion of the work. That it is an argumentative denial of the fact alleged is not objectionable on general demurrer. *Dime Savings Institution* v. *Hoboken, ubi supra.*

This denial is not open to the objection that the contract did not provide for certificates or adjudications by the chief engineer of any other company than the Suburban company. For the averment is that some person became and continued to be the chief engineer of the Suburban company, and if that be so, that person came within the terms of the contract and was qualified to act, although he might also be an officer of another company.

Proof of this averment of the plea would meet and avoid the excuse set up in the first count for non-performance of certain conditions precedent of the contract.

The demurrer must be overruled.